## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-0261-LTB

RONALD J. REHBERG,

     Plaintiff,

v.

THE CITY OF PUEBLO
OFFICER BRUCE CONSTUBLE, in his official and individual capacity,
OFFICER VINCENT PETKOSEK, in his official and individual capacity,
UNKNOWN PUEBLO POLICE DEPARTMENT OFFICERS 1 - 2, in their official and individual capacities.

     Defendants.

___

### RESPONSE TO DEFENDANT CITY OF PUEBLO'S MOTION TO DISMISS
___

Plaintiff Ronald J. Rehberg ("Mr. Rehberg or Plaintiff"), by and through his attorneys Darold Killmer and Qusair Mohamedbhai of KILLMER, LANE & NEWMAN, LLP, hereby responds to Defendant City of Pueblo's Motion to Dismiss [Doc. 14], and in support thereof, states as follows:

### INTRODUCTION

Defendant City of Pueblo moves this Court to dismiss it from this litigation because "Plaintiff did not name the City as a Defendant until he filed his Amended Complaint on April 5, 2010. Therefore, Plaintiff's claims against the City are time barred and should be dismissed." *Defendant City of Pueblo's Motion to Dismiss [Doc. 14], pg. 3.* The Court should deny Defendant's Motion to Dismiss because: 1) Defendant City of Pueblo was a party in the original Complaint which named Defendant City of Pueblo law enforcement officers Bruce Constuble and Vincent Petkosek in their official capacities; and 2) even if the City of Pueblo was not

named as a party by virtue of the official capacity claims, the Amended Complaint relates back to the original Complaint.

## ARGUMENT

**1.  Defendant City of Pueblo incorrectly informs the Court that the City of Pueblo was not named as a defendant in this matter until after the expiration of the applicable § 1983 two-year statute of limitations.**

In the original Complaint, filed on February 8, 2010, within the two-year statute of limitations, Defendants Constuble and Petkosek were sued in their individual and <u>official</u> capacities.  *See [Doc. 1], pg. 1.*  As the Court is aware, personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *See, e.g., Scheuer v. Rhodes*, 416 U.S. 232, 237-238 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978).

"As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky  v. Graham*, 473 U.S. 159, 166 (1985) citing *Brandon v. Holt*, 469 U.S. 464, 471-472 (1985) (holding that "[i]n at least three recent cases arising under § 1983, we have plainly implied that a judgment against a public servant "in his official capacity" imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond."). An official capacity suit "is not a suit against the official personally, for the real party in interest is the entity."  *Kentucky,* 473 U.S. at 166.

Defendants Constuble and Petkosek admit that they were employed as law enforcement officers by the City of Pueblo at all times relevant to issues of Plaintiff's Amended Complaint. *See Defendants Petkosek's and Constuble's Answer to Plaintiff's Amended Complaint [Doc. 10],*

*¶ 9* ("as to the allegations in paragraph 9 of Plaintiff's Amended Complaint, Defendants Petkosek and Constuble admit that at all times relevant to this matter they were law enforcement officers with the City of Pueblo Police Department and that at all times relevant to this matter they acted in the course and scope of their employment and under the color of state law").  Since Defendants Constuble and Petkosek were sued in their official capacities in the original Complaint, and were employed by the City of Pueblo at all times relevant, the City of Pueblo is deemed a party defendant in this action from the date of the filing of the original Complaint. *See, Monell*, 436 U.S. at 690, n.55.

**2.      Pursuant to Fed. R. Civ. P. 15(c)(1)(C), the Amended Complaint is timely for purposes of the § 1983 statute of limitations because it relates back to the February 8, 2010 filing date of original Complaint.**

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 2010 U.S. LEXIS 4567 (U.S. June 7, 2010)(United States Supreme Court case attached herein as Exhibit 1).  "Where an amended pleading changes a party or a party's name, the Rule requires, among other things, that 'the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Id.*  citing Rule 15(c)(1)(C).  "We hold that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading. Accordingly, we reverse the judgment of the Court of Appeals." *Id.* (emphasis added).

Without a doubt, many months prior the expiration of the two-year statute of limitations, the City of Pueblo knew that this action was going to be brought against it.  On September 11,

3

2009, a representation letter and a draft copy of the original Complaint were sent to Thomas Jagger, City Attorney for the City of Pueblo. *Representation Letter with the attachment of the draft original Complaint* herein attached as Exhibit 2). The original draft Complaint listed the City of Pueblo as a defendant (*See* Exhibit 2*)*, but the City of Pueblo was mistakenly removed from the originally filed Complaint.

Soon after September 11, 2009, Plaintiff and representatives from the City of Pueblo engaged in unsuccessful settlement negotiations (additional detailed written settlement discussions between Plaintiff's counsel and the City of Pueblo's insurance adjuster can be produced if Defendant City of Pueblo claims it did not know of Plaintiff's intent to file suit against it as far back as September 2009). Since the City of Pueblo was abundantly aware of Plaintiff's intent to file suit against it as far back as September 2009, pursuant to Fed. R. Civ. P. 15(c)(1)(C)*,* and they further were on notice of the original Complaint by virtue of the official capacity claims, the Amended Complaint filed April 5, 2010 is timely for purposes of the § 1983 statute of limitations because it relates back to the February 8, 2010 filing date of the original Complaint.

## **CONCLUSION**

Wherefore, Plaintiff respectfully requests that this Court deny Defendant City of Pueblo's Motion to Dismiss in its entirety, and for any other relief which is deemed just and proper.

Dated this 24th day of June 2010.

                                      KILLMER, LANE & NEWMAN, LLP

                                      *s/ Qusair Mohamedbhai*
                                      Darold Killmer
                                      Qusair Mohamedbhai
                                      1543 Champa Street, Suite 400
                                      Denver, CO 80202
                                      Attorneys for Plaintiff
                                      (303) 571-1000
                                      dkillmer@kln-law.com
                                      qmohamedbhai@kln-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to the following:

Gordon L. Vaughan, Esq.
VAUGHAN & DeMURO
gvaughan@vaughandemuro.com

                                      KILLMER, LANE & NEWMAN, LLP

                                      *s/ Qusair Mohamedbhai*