**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 10-cv-00261-LTB

RONALD J. REHBERG,

    Plaintiff,

v.

THE CITY OF PUEBLO
OFFICER BRUCE CONSTUBLE, in his official and individual capacity,
OFFICER VINCENT PETOKOSEK, in his official and individual capacity, and,
UNKNOWN PUEBLO POLICE DEPARTMENT OFFICERS 1-2, in their official and individual capacities,

    Defendants.

___

**ORDER**
___

THIS MATTER is before the me on Defendant The City of Pueblo's Motion to Dismiss, filed June 3, 2010 (docket #14); Plaintiff's Response, filed June 24, 2010 (docket #15); Defendant's Reply, filed July 8, 2010 (docket #16). For the reasons stated below, Defendant's Motion is denied.

    I.    <u>INTRODUCTION</u>

This case arises out of an incident occurring on February 10, 2008, where two officers of the Pueblo Police department allegedly violated Plaintiff's First, Fourth, and Fourteenth Amendment rights. Plaintiff filed his original Complaint in this matter on February 8, 2010, two days before the expiration of the applicable two-year statute of limitations. Plaintiff filed an Amended Complaint on April 5, 2010.

In its motion Defendant notes that Plaintiff's original Complaint did not name the City of Pueblo as a defendant in the caption.  Instead, Plaintiff named the following Defendants in the original Complaint: The County of Pueblo; Pueblo County Board of County Commissioners; Officer Bruce Constuble, in his official and individual capacity; Officer Vincent Petkosek, in his official and individual capacity; Unknown Pueblo Police Department Officers 1-2, in their official and individual capacities.  In his Amended Complaint, Plaintiff names the City of Pueblo as a Defendant in this case and removes the County of Pueblo and the Pueblo County Board of County Commissioners as Defendants.

II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) permits a defendant to file a motion to dismiss for failure to state a claim upon which relief can be granted.  In reviewing such a motion to dismiss, the court must "look for plausibility in the complaint." *Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1233 (10th Cir. 2009).  This means the complaint must "include enough facts to state a claim for relief that is plausible on its face." *Id.* at 1223-24 (internal quotations omitted).  The allegations "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*  In reviewing a motion to dismiss under Rule 12(b)(6), courts may consider the allegations of the complaint and "also attached exhibits ... and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

III. ANALYSIS

Defendant argues that Plaintiff claims against the city are barred by the two-year statute of limitations. Defendant notes that Plaintiff's Amended Complaint is brought pursuant to 42 U.S.C.§ 1983 and arises out of an incident that occurred on February 10, 2008. Defendant contends that the statute of limitation for a section 1983 claim is two years in Colorado. *See Blake v. Dickason*, 997 F.2d 749 (10th Cir. 1993). Defendant asserts that because Plaintiff did not name the City of Pueblo as a defendant until he filed his Amended Complaint on April 5, 2010 the claims against the City are time barred and should be dismissed.

Plaintiff, in his Response, argues that I should deny the Motion to Dismiss because: 1) Defendant City of Pueblo was a party in the original Complaint which named Defendant City of Pueblo law enforcement officers Bruce Constuble and Vincent Petkosek in their official capacities; and 2) even if the City of Pueblo was not named as a party by virtue of the official capacity claims, the Amended Complaint relates back to the original Complaint. I note that I did not review any of the documents attached to Plaintiff's Response in making my decision as they are matters outside of the pleadings. See Fed. R. Civ. P. 12(d).

I conclude that Plaintiff's section 1983 claims against the City of Pueblo are not barred by the applicable statute of limitations. It is well settled that an official capacity suit under section 1983 is considered an action against the entity of which the officer is an agent provided the entity has received notice and an opportunity to respond. *Kentucky v. Graham*, 473 U.S. 159, 166(1985). From a review of the record it is clear that the City of Pueblo received notice of the section 1983 claims against it by virtue of

the official capacity claim contained within the original Complaint.

The City of Pueblo argues that courts have limited their findings of notice via official capacity suits to be limited to cases where the agents have been high-ranking officials citing *Allen v. Yates*, 2009 WL 661378 (E.D. Okla. 2009). After reviewing that case, I do not see any particular language in that case limiting the court's holding to only high ranking officials as asserted by the City of Pueblo, nor does the City of Pueblo cite to such language in their Reply. I conclude that Plaintiff's section 1983 claims are timely filed with respect to City of Pueblo given that (1) the February 8, 2010 names Bruce Constuble and Vincent Petkosek in their official capacities and (2) notice and opportunity to respond was provided to the City of Pueblo.

Even if I were to find that the official capacity suit did not bring City of Pueblo within the statute of limitations period, I would nonetheless conclude that Plaintiff's section 1983 claims against City of Pueblo are not barred by the statute of limitations by virtue of the relation back doctrine under Rule 15(c)(3) of the Federal Rules of Civil Procedure. An amended complaint relates back to the filing of the original complaint when: (1) the claim asserted in the amended complaint arises out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) the party being added by the amendment received notice of the institution of the action within the time period specified in Federal Rule 4(m) for service of a summons and complaint and that new party will not be prejudiced in maintaining a defense on the merits; and (3) the party being added to the litigation knew or should have known that the action would have been brought against him or her but for a mistake as to the identity of the proper party. Fed. R. Civ. P. 15(c)(3).

I conclude that Plaintiff has satisfied the relation back requirements of Rule 15(c)(3) such that Plaintiff's section 1983 claims against City of Pueblo are not barred by the two-ear limitations period.  Plaintiff's section 1983 claims against the City of Pueblo arise out of the same conduct set forth in the original Complaint.  The City of Pueblo received notice of the proceeding by virtue of the official capacity suit against the officers.  Further, the City of Pueblo knew or should have known that, but for a mistake as to the identity of the proper party the action would have been filed against it. *See Krupski v. Costa Crociere S.P.A.*, 130 S.Ct. 2485 (2010). And, significantly, there is no showing of prejudice to the City of Pueblo. *Id.*  Finally, the second and third requirements have been fulfilled within the time provided under Rule 4(m) of the Federal Rules of Civil Procedure as the City of Pueblo received notice when action was taken against its officers in their official capacities.

Based on the foregoing reasons, Defendant The City of Pueblo's Motion to Dismiss, filed June 3, 2010 (docket #14) is **DENIED**.

Dated: August __31__, 2010.

                BY THE COURT:

                  s/Lewis T. Babcock
                Lewis T. Babcock, Judge