IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00261-LTB-KLM

RONALD J. REHBERG,

    Plaintiff,

v.

THE CITY OF PUEBLO,
OFFICER BRUCE CONSTUBLE, in his official and individual capacity,
OFFICER VINCENT PETOKOSEK, in his official and individual capacity, and
UNKNOWN PUEBLO POLICE DEPARTMENT OFFICERS 1-2, in their official and individual capacities,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court pursuant to Plaintiff's oral **Motion to Compel** responses to Interrogatory No. 7 and Requests for Production of Documents Nos. 12, 13, 19 and 22 (the "Motion"). The Court held a hearing on the Motion on May 4, 2011 [Docket No. 38]. The Court has considered the arguments of counsel and the applicable law and is fully advised in the premises. As set forth in more detail below, the Motion is **GRANTED in part and DENIED without prejudice in part.**

As a preliminary matter, the Motion is **DENIED without prejudice** with respect to Plaintiff's request to compel a response to Request for Production No. 22. The parties have indicated that they are working together to reach a mutually acceptable resolution of the dispute regarding that particular discovery request.

1

### A. Background

This action is brought pursuant to 42 U.S.C. § 1983. Plaintiff asserts that his First, Fourth and Fourteenth Amendment rights were violated by police who entered his residence and assaulted him. More specifically, Plaintiff asserts that the police officer Defendants unlawfully entered his residence, used excessive force against him, unlawfully arrested him, and retaliated against him as a result of his protected speech. He further alleges that Defendant City of Pueblo, Colorado (the "City"), "failed to properly hire, train, supervise and/or discipline members of its law enforcement regarding the proper use of physical force during arrest, . . . issues of probable cause during arrest, . . . citizen's rights to verbally oppose police misconduct, [and] . . . issues of constitutionally permissible entry into a residence," and that such failures constitute "an unconstitutional policy, procedure, custom and/or practice." *Amended Complaint* [#3] ¶¶ 43, 45, 53, 55, 66, 68, 76, 78. Plaintiff's claims against Defendant City are brought pursuant to *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978).

The disputed discovery requests seek information or documents from the past five and one-half years (commencing in January of 2006) relating to Plaintiff's contention that Defendant City failed to properly hire, train, supervise and discipline its police officers. Interrogatory No. 7 requests information regarding "each and every claim or complaint (whether formal or informal) of unlawful search, unlawful seizure, unlawful entry, excessive force, deprivation of a liberty interest without due process, invasion of bodily integrity, false arrest/imprisonment, violation of right to free speech, and/or conspiracy to violate civil rights, made against any Defendant." Request for Production No. 12 seeks records relating to "all incidents in which [City] police officers entered a residence without permission, and

all incidents in which an individual was involuntarily taken into custody following contact with [City] police officers." Request for Production No. 13 seeks documents regarding the claims or complaints referenced in Interrogatory No. 7. Request for Production No. 19 seeks "any and all analyses performed by [the City] . . . related to potential violations of citizens' constitutional rights by [the police department] and/or related to claims of the nature alleged in Plaintiff's Amended Complaint."

In response, Defendant City produced an "Internal Affairs summary," in chart format, which lists "internal affairs complaints" by year, nature of complaint, officer name, file number, finding and type of discipline. The City redacted from the Internal Affairs summary the names of all officers who are not defendants.

Plaintiff contends that the summary is insufficient, in that it does not adequately describe the complained of conduct and does not list the officers involved. Plaintiff contends that he is entitled to "the files" for each complaint indicated on the summary in order to explore whether the City failed to adequately train, supervise and discipline its officers. According to Plaintiff, the names of the officers are relevant because the frequency of complaints against a particular officer and consistency in types of complaints made will lead to the discovery of admissible evidence about whether the City had a policy, custom or practice of failing to adequately train, supervise or discipline officers. Plaintiff further points out that the City has failed to produce any evidence regarding informal complaints.

Defendant City objects to providing additional responsive information on several grounds. First, the City contends that the request for records regarding "informal" complaints is vague, and that the City is unable to respond to that portion of the discovery

requests without clearer direction.[1]  The City further argues that Plaintiff must show that his *Monell* claims are "plausible" before being entitled to more detailed discovery, such as that sought here.  The City contends that production of the files in their entirety would violate officers' privacy rights, and that providing select information regarding the complaints to Internal Affairs would be unduly burdensome, in that it would require a file-by-file review of each complaint listed in the Internal Affairs summary.[2]  Finally, the City contends that the Court should review an "enhanced *Vaughn* index"[3] or conduct an *in camera* review of any additional documents to determine whether their probative value outweighs the danger of unfair prejudice pursuant to Fed. R. Evid. 403.

## B.  Analysis

### 1.   Vagueness

Defendant City contends that Plaintiff's request for information regarding "informal" complaints about police officers is unduly vague.  The Federal Rules of Civil Procedure do not define "vague," nor do they provide guidance as to when a written discovery request is objectionable because it is vague.  However, the common meaning of "vague" is "not clearly expressed" or "inexplicit."[4]  "Only rarely is it held that an interrogatory is so unclear

---

[1] For purposes of background information, the City provides the following data:  the police department currently consists of 207 sworn employees and 57 civilian employees.  Between 2006 and 2008, the police department received 111,000 dispatch calls.  City police officers made 45,000 arrests between 2006 and 2011.

[2] The Internal Affairs summary lists 405 complaints from 2006 to an unspecified date in 2011.

[3] The term "*Vaughn* index" is usually used to refer to a detailed list of documents withheld when an agency responds to a Freedom of Information Act request.  The term is derived from *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

[4] *American Heritage Dictionary of the American Language* 1898 (4th ed. 2000).

that the other party cannot reasonably be required to answer it." 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2168, at 33 (2010).

Nevertheless, it is well accepted that a party need not respond to a written discovery request which is unduly vague. An interrogatory must give the responding party "a reasonably clear indication of the information to be included in its answer." *Id.* § 2168, at 31. Definitions set forth in the interrogatories may help to clarify the meaning of terms used, but the parties have pointed to no definition of the word "informal" in the written discovery requests at issue here.

In the absence of a specific definition of "informal" provided by Plaintiff, the Court looks to common usage of the word in the English language. Among the commonly accepted definitions are "casual" and "unofficial."[5]

Applying the common definition of informal, the Court disagrees that Plaintiff's Interrogatory No. 7 is unduly vague. Plaintiff seeks information relating to unofficial complaints against police officers regarding the specified conduct. The City has demonstrated the existence of *formal* complaints by production of the Internal Affairs summary, which lists complaints against officers that were addressed by the Internal Affairs division of the City's police department. All other complaints known to the City are presumably *informal* complaints. Defendant City's objection to Plaintiff's discovery requests on this basis is overruled.

**2.     Plausibility**

Defendant City contends that Plaintiff must demonstrate that his *Monell* claims are

---

[5] *Id.* at 899.

"plausible" before being entitled to "massive discovery" relating to City policies, procedures, customs and practices in hiring, training, supervising and disciplining police officers. The City cites no case law in support of its argument.

The Court perceives this argument to be a predictable result of the United States Supreme Court's decision in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009). In the context of addressing the sufficiency of the plaintiff's complaint alleging a *Bivens* claim for violation of his First Amendment rights, the Court held that a determination of whether a complaint states a plausible claim involves analysis of well-pleaded factual allegations (as opposed to "mere conclusions") and whether those allegations "plausibly give rise to entitlement to relief." *Id.* at 1950. The plaintiff alleged that then-Attorney General Ashcroft, in the wake of the September 11, 2001 attack on the World Trade Center, formulated a policy to subject detained Arab Muslims to harsh conditions of confinement because of their race and religion. The Court rejected plaintiff's complaint because "even if [its] well-pleaded facts gave rise to a plausible inference that [plaintiff's] arrest was the result of unconstitutional discrimination, that inference alone would not entitle him to relief," as the complaint did not contain facts plausibly showing that the alleged governmental policy regarding confinement was based on discriminatory factors. *Id.* at 1952.

*Iqbal*'s focus on the plausibility of a claim about an alleged unconstitutional policy and its direct language regarding pleading standards has made it one of the most powerful and frequently used weapons in defense attorneys' arsenal.[6] The sheer potential of the *Iqbal* weapon has led zealous advocates to test the boundaries of the Supreme Court's

---

[6] For example, in 2010 the undersigned Magistrate Judge issued approximately twenty-five Recommendations on Motions to Dismiss brought, at least in part, pursuant to *Iqbal.*

holding.  Some, like defense counsel here, seek to extend the holding to mandate a showing of plausibility of a claim about an alleged unconstitutional policy before allegedly burdensome and invasive discovery can be taken on the claim.  In essence, their argument asserts that plaintiffs should not have access to voluminous municipal records to prove the existence of a policy that is either implausibly pleaded or implausible period.  They argue that if a claim about an alleged unconstitutional policy may be implausible enough to succumb to a motion to dismiss, it should also be implausible enough to succumb to a motion for protective order prohibiting inappropriate discovery.

It may be a short logical leap from the Supreme Court's holding that a *Monell*-type claim must be sufficiently plausible to withstand a motion to dismiss to the argument that a *Monell* claim must be plausible in order to entitle a plaintiff to discovery on that claim, but it is not a leap authorized by applicable law.  The threshold for discovery on *Monell* claims remains the same as before *Iqbal*: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any parties' claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  It goes without saying that the standard limitations on discovery – i.e., that it cannot be unduly burdensome, unreasonably cumulative or duplicative or more conveniently obtained from another source – also remain.  *See* Fed. R. Civ. P. 26(b)(2)(C).  But there is simply no "plausibility" threshold which must be crossed before a party is entitled to discovery, unless the claim lacks sufficient plausibility such that it fails to survive a motion to dismiss. Defendants chose not to file a motion to dismiss the *Monell* claims in this litigation, and therefore appropriate discovery must proceed with respect to those claims.

This holding is consistent with the recognition that while "the parameters of the truth-finding process are not always easy to identify . . . when raised in the context of discovery," there is a "fundamental principle that 'the public . . . has a right to every man's evidence.'" *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356-57 (D. Colo. 2004) (citation omitted). The limits of discovery are governed primarily by what is relevant to a specific claim or defense. *See id.* at 360. Here, the discovery at issue is clearly relevant to Plaintiff's *Monell* claims. *See Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)). While Defendant City invites me to first qualify the validity of such a claim, it has often been recognized that discovery should not be prohibited merely because it relates to claims that the defense asserts are based on an insufficient theory. *Alexander v. FBI*, 194 F.R.D. 316, 326 (D.D.C. 2000); 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2008, at 137 & n.33 (2010). As such, I find that neither discovery jurisprudence nor *Iqbal* require the review requested here. Defendant City's objection to Plaintiff's discovery requests on this basis is overruled.

**3.     Privacy**

Next, Defendant City contends that the privacy interests of nonparty police officers dictate against disclosure of the discovery sought here. As a preliminary matter, "even if the requested information is confidential, that would not automatically remove it from the scope of permissible discovery." *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 555, 554 (D. Colo. 2009). Given that the standard for permissible discovery is purposely broad, the presumption favors disclosure. *See Simpson*, 220 F.R.D. at 356. This is particularly true

here where the party seeking protection is a public entity.  *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-88 (3d Cir. 1994).  Even when valid privacy interests are at issue, it is often the case that those interests must yield to the requesting party's right to receive all information relevant to the applicable claims or defenses.  *See, e.g.*, *Simpson*, 220 F.R.D. at 361.

Nevertheless, to address Defendant City's contention that privacy interests of individual police officers should prohibit disclosure, the Court notes that a Protective Order [Docket No. 33] is already in place restricting access to and use of confidential information provided in discovery.  Any privacy interests at issue here can be addressed within the purview of the Protective Order.  Moreover, to the extent that further protection is warranted, the Court finds that the production can be tailored to address this issue.  For example, by identifying nonparty officers by letters or numbers instead of by names, the City can protect the privacy of the officers while still allowing Plaintiff to ascertain whether there were multiple complaints against a single officer and the consistency of types of complaints.  Defendant City's objection to Plaintiff's discovery requests on this basis is overruled.

### 4.     **Undue Burden**

Given the number of formal and informal complaints sought by Plaintiff's discovery requests, Defendant City contends that producing this discovery would be unduly burdensome. Specifically, there are 405 complaints listed on the Internal Affairs summary. For purposes of the Motion, the Court assumes that there are a number of unspecified "informal" complaints as well, although defense counsel did not address this issue at the hearing on the Motion. In relation to this issue, defense counsel has offered no explanation

of the content of the "files" relating to the complaints listed on the Internal Affairs summary, and nothing more than general assertions regarding the burden on the City to review the "files" and provide responsive information.

The party objecting to discovery on the basis that it is unduly burdensome has the burden of proof. *See, e.g.*, *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003); *Sonninno v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670 (D. Kan. 2004). As to the Internal Affairs files, Defendant City has not sustained that burden. The number of files alone is insufficient to demonstrate undue burden. *See, e.g.*, 8B Wright et al., § 2174, at 72-75 (noting that discovery cannot be avoided merely because it requires investigation or compilation unless the burden clearly rises to the level of undue burden or oppression). Likewise, the City has failed to sustain the burden of showing that providing information about informal complaints would be unduly burdensome. For example, the City may have no information or records whatsoever pertaining to informal complaints; in those circumstances, responding to Plaintiff's discovery requests regarding informal complaints will hardly be unduly burdensome. Defendant City's objection to Plaintiff's discovery requests on this basis is overruled.

### 5. Prejudice vs. Probative Value

To the extent that Defendant City asks the Court to make a determination that the discovery sought is more prejudicial than probative, this analysis is generally conducted by the trial judge at a later stage of litigation. *See generally* Fed. R. Civ. P. 403; *see also* 8 Wright et al., § 2008, at 144-46 (noting that "[q]uestions of admissibility are best left until trial"). While the evidence sought to be discovered must be calculated to lead to the discovery of admissible evidence, the discovery standard is broader than the standard

utilized when determining whether the evidence discovered is ultimately admissible. Indeed, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As such, discovery cannot be avoided merely because the information or documents sought are likely to be inadmissible. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984); 8 Wright et al., § 2008, at 145-46. If the material sought is relevant to the case and may lead to admissible evidence, it should generally be produced. To the extent that admissibility issues arise thereafter, that is an issue for the trial judge. *See* 8 Wright et al., § 2008, at 144-46; *see also* 8B Wright et al., § 2180, at 101-04 (noting that ultimate admissibility of discovery at trial is an evidence issue, not a discovery issue).

Here, I find that the evidence sought by Plaintiff is both relevant and likely to lead to the discovery of admissible evidence. Therefore, it must be produced, and I decline to conduct an analysis of whether the probative nature is outweighed by the prejudicial value at this stage.[7] Defendant City's objection to Plaintiff's discovery requests on this basis is overruled. Accordingly,

IT IS HEREBY **ORDERED** that the remaining relief at issue in Plaintiff's oral Motion to Compel in relation to responses to Interrogatory No. 7 and Requests for Production of Documents Nos. 12, 13 and 19 is **GRANTED** in favor of Plaintiff.

IT IS FURTHER **ORDERED** that Defendant City shall produce its responses, subject to the confidentiality directive provided herein, on or before **June 30, 2011**.

---

[7] Although the court in *Simpson* conducted this analysis as a threshold to permitting certain discovery, such an inquiry was arguably countenanced by the type of claims and privacy interests at issue in that case, and should not be read to require such a review in every case. *Cf. Simpson*, 220 F.R.D. at 361-62.

Dated: June 2, 2011

                                                 BY THE COURT:

                                                 s/ Kristen L. Mix
                                                 United States Magistrate Judge
                                                 Kristen L. Mix