IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00261-LTB-KLM

RONALD J. REHBERG,

      Plaintiff,

v.

THE CITY OF PUEBLO,
OFFICER BRUCE CONSTUBLE, in his official and individual capacity,
OFFICER VINCENT PETOKOSEK, in his official and individual capacity, and
UNKNOWN PUEBLO POLICE DEPARTMENT OFFICERS 1-2, in their official and
individual capacities,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants' **Motion for Partial Stay of
Discovery** [Docket No. 55; Filed July 11, 2011].  Pursuant to the Motion, Defendants
request a partial stay of discovery while their Motion for Partial Judgment on the Pleadings
[Docket No. 54] is pending.  Specifically, Defendants request that discovery be stayed as
to all claims asserted against Defendant City of Pueblo and as to the third claim asserted
against the individual Defendants.  Plaintiff opposes the relief requested [Docket No. 62].
Because further briefing is unnecessary, I resolve the matter prior to Defendants filing a
reply.  *See* D.C.COLO.LCivR 7.1C.

      IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in
part**.  The Motion is **granted** with respect to staying discovery related to the third claim for
relief asserted against the individual Defendants.  The Motion is **denied** in all other

respects.

Stays are generally disfavored in this District.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished decision).  However, a stay may be appropriate in certain circumstances, and the Court weighs several factors in making a determination regarding the propriety of a stay.  *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished decision) (denoting a five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general.  *Id.*  Here, those factors weigh in favor of a limited stay.

Considering Plaintiff's interest first, the Court has generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. Accordingly, delay may diminish Plaintiff's ability to proceed.  Weighing Plaintiff's interest against Defendant City of Pueblo's alleged burden next, the Court notes that this Defendant does not suggest any undue burden in proceeding with discovery in the case.  The ordinary burdens associated with litigating a case do not constitute undue burden.  *See Collins v. Ace Mortg. Funding, LLC*, 08-cv-01709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) (unpublished decision).  Although Defendants have filed a Motion for Partial Judgment on the Pleadings which may dispose of a portion of Plaintiff's case, the motion (as it pertains to Defendant City of Pueblo) is not based on grounds typically warranting the imposition of a stay.  For example, motions relating to pleading failures are not unique nor do they raise significant concerns that a defendant has been unnecessarily subjected to

2

litigation.  *See id.*

By contrast, courts have frequently imposed a stay when issues relating to jurisdiction or immunity have been raised. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue).  Specifically, when qualified immunity is raised as a defense in a dispositive motion, as it has been here in relation to the third claim asserted against the individual Defendants, discovery is viewed as uniquely disruptive and burdensome until the defense is adjudicated.  *See Siegert*, 500 U.S. at 231-32.  In balancing Plaintiff's and Defendants' interests, the Court finds that the circumstances weigh against the imposition of a stay in relation to the claims asserted against Defendant City of Pueblo, but weigh in favor of a stay in relation to the third claim asserted against the individual Defendants.[1]

The Court also considers its own convenience, the interest of nonparties, and the public interest in general.  None of these factors prompts the Court to reach a different result.  Generally, the Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable.  This is particularly true here where a trial date has been set and where there is a pending dispositive motion for which ultimate success

---

[1] In any event, the Court notes that Plaintiff has agreed to voluntarily dismiss the third claim, see *Response* [#62] at 2.  However, the Motion for Leave to File Second Amended Complaint [Docket No. 61] which would accomplish this dismissal remains pending and is not referred to the magistrate judge.  Although a stay of this claim is arguably unnecessary given the current status of the case, Defendants are entitled to a stay until it has been formally dismissed.

is not guaranteed.[2]  While a delay is countenanced when a qualified immunity defense is raised, that is the exception, not the norm.  Moreover, I note that Defendants have not identified any particular nonparty or public interest at issue here.  Accordingly,

IT IS FURTHER **ORDERED** that discovery related to the third claim asserted against the individual Defendants is **STAYED** pending resolution of the Motion for Judgment on the Pleadings or dismissal of the claim.  Discovery shall proceed in all other respects unless otherwise directed.  *See, e.g.*, *Order* [#50] at 1.

Dated:  August 9, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge

---

[2] The Motion for Partial Judgment on the Pleadings is not referred to the magistrate judge, and I take no position as to its merits.