IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-00261-LTB-KLM

RONALD J. REHBERG,

      Plaintiff,

v.

THE CITY OF PUEBLO;
OFFICER BRUCE CONSTUBLE, in his official and individual capacity;
OFFICER VINCENT PETKOSEK, in his official and individual capacity; and
UNKNOWN PUEBLO POLICE DEPARTMENT OFFICERS 1-2, in their official and
individual capacities,

      Defendants.
_____

## AMENDED ORDER
_____

This matter is before me on Plaintiff's Motion for Leave to File Second Amended Complaint **[Doc #61]**, and on Defendants' Motion for Partial Judgement on the Pleadings **[Doc #54]**. For the reasons stated below, I GRANT Plaintiff's motion and accept his second amended complaint tendered therewith. I therefore DENY Defendants' motion as moot.

### I. Background

Plaintiff filed his original complaint on February 8, 2010, alleging four claims: excessive force, false arrest, and unlawful entry, respectively, pursuant to 42 U.S.C. § 1983; and retaliation in violation of the First Amendment. The original complaint named as defendants Officers Constuble and Petkosek, two Unknown Pueblo Police Department Officers, Pueblo County, and the Pueblo County Board of County Commissioners. Shortly after filing his original complaint, Plaintiff learned that the officer-Defendants worked for the City of Pueblo (the "City"), not Pueblo County.

Pursuant to Fed. R. Civ. P 15(a)(1)(B), Plaintiff filed an amended complaint on April 5, 2010, replacing Defendants Pueblo County and the Pueblo County Board of County Commissioners with the City.

Plaintiff claims that the City is liable under a municipal liability theory. He alleges that the City "failed to properly hire, train supervise and/or discipline members of its law enforcement" about the following: the proper use of physical force during an arrest; issues of probable cause during an arrest; a citizen's right to verbally oppose police misconduct; and issues of constitutionally permissible entry into a residence. Plaintiff alleges that this "results from a conscious or deliberate choice to follow a course of action from among various alternatives available to the City of Pueblo." This "failure to properly hire, train and supervise," Plaintiff alleges, "was the moving force behind and proximate cause of" the officer-Defendants' conduct "and constitutes an unconstitutional policy, procedure, custom, and/or practice."

On November 8, 2010, Magistrate Judge Kristen L. Mix entered the Scheduling Order. Discovery was scheduled to run from November 8, 2010, to September 15, 2011. The Scheduling Order set January 2, 2011, as the deadline to amend the pleadings. During the incipient stages of discovery, Defendants sent Plaintiff a set of interrogatories. Interrogatory 8 asked Plaintiff to identify every fact, witness, and document to support Plaintiff's municipal liability claims against the City. Defendants were dissatisfied with Plaintiff's responses. On December 23, 2010, Defendants sent Plaintiff a letter asking him, *inter alia*, to either propound more direct and robust answers to the interrogatory or to dismiss those claims. On May 17, 2011, Judge Mix denied Defendants' request to compel a response to Interrogatory 8.

2

On June 2, 2011, Judge Mix granted Plaintiff's request for production of documents related to Plaintiff's municipal liability claims, documents the City had previously refused to provide.

On July 11, 2011, Defendants filed their motion for partial judgement based on the first amended complaint pursuant to Fed. R. Civ. P. 12(c). They principally argue three things: First, each claim against the City should be dismissed for the failure to state a claim. Second, claims against the officer-Defendants in their official capacities are redundant to the claims against the City and should be dismissed. Third, the First Amendment claim fails as a matter of law. Plaintiff's response asks me to deny Defendants' motion as moot for reasons stated in his motion for leave to file a second amended complaint, which Plaintiff filed simultaneously therewith. Plaintiff tendered a second amended complaint with his motion. He argues that his motion should be granted and his second amended complaint accepted because he meets the requirements of both Fed. R. Civ. P. 15(a) and 16(b)(4). Plaintiff's second amended complaint drops his First Amendment retaliation claim and dismisses Unknown Police Officers 1-2 as defendants. The point of contention, however, is that the second amended complaint also adds factual averments concerning the City that Plaintiff asserts will cure any pleading deficiencies regarding his municipal liability claims. Plaintiff does not seek to add any new claims or defendants in his second amended complaint.

## II. Plaintiff's Motion

*A. Law*

Plaintiff's motion implicates both Fed. R. Civ. P. 15(a)(2) and 16(b)(4), as well as their interplay. I explicate these three topics *seriatim*.

### 1. Rule 15(a)(2)

Rule 15 governs amendments to pleadings generally. *See* Fed. R. Civ. P. 15. "Except when

an amendment is pleaded 'as a matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.' " *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). Courts "should freely grant leave when justice so requires." *Id*. The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962). When considering whether to allow a plaintiff to amend his complaint pursuant to Rule 15(a)(2), the Tenth Circuit has explained that "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Whether to grant leave to amend the pleadings pursuant to Rule 15(a) is within the court's wide discretion. *See Minter*, 451 F.3d at 1204 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)); *see also Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999). Consequently, the trial court's decision will not be reversed "absent an abuse of discretion," which is when the decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Bylin*, 536 F.3d at 1229.

### 2. Rule 16(b)(4)

Rule 16 governs amendments to pretrial scheduling orders. *See* Fed. R. Civ. P. 16(b). The

rule "gives district courts wide latitude in entering scheduling orders." *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978 (10th Cir.) A scheduling order sets a deadline for amending the pleadings. After a scheduling order is entered, it may be amended only upon a showing of "good cause and with the judge's consent." *Id.* 16(b)(4). "Demonstrating good cause under the rule 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for delay.' " *Strope v. Collins*, 315 Fed. App'x 57, 61, 2009 WL 465073 *3 (10th Cir. Feb. 25, 2009). A district court's refusal to modify a scheduling order will be reviewed for an abuse of discretion. *Burks*, 81 F.3d at 978.

### 3. Interplay Between the Rules

As explained, Rule 15(a)(2) governs the amendment of pleadings, and Rule 16(b)(4) governs the amendment of pretrial scheduling orders. *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009). "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Minter*, 451 F.3d at 1205. For that reason there is an interplay between the rules if a party seeks to amend a pleading after the scheduling order's deadline for amending pleadings. To be sure, a party seeking to amend an existing pleading after the scheduling order's pleading amendment deadline must meet Rule 15(a)(2). *See Lockheed Martin Corp.*, 558 F.3d at 1166 ("Because the motion cannot meet the Rule 15(a)(2) standard, however, this court does not address whether compliance with Rule 16(b)(4) is also required."); *see also Martinez v. Target Corp.*, 384 Fed. App'x 840, 847 n.5, 2010 WL 2616651 *4 (10th Cir. July 1, 2010) ("We need not address Target's argument that Rule 16(b)(4)'s 'good cause' standard applies in this case because [the plaintiff] cannot satisfy the more lenient standard of Rule 15(a)(2).").

By contrast, it is unclear whether a plaintiff seeking to amend an existing pleading after a

5

scheduling order's pleading amendment deadline must meet Rule 16(b)(4)'s "good cause" requirement. "Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' requirement are implicated." *Bylin*, 568 F.3d at 1231 n.9 (citing cases from other jurisdictions for that proposition). Contrary to the parties' assertions, however, the Tenth Circuit "has not ruled on that question in the context of an existing pleading." *Id.*; *accord Lockheed Martin Corp.*, 558 F.3d at 1166 (explaining that the Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders") (citing *Minter*, 451 F.3d at 1205 n.4). This matters because Rule 16(b)(4) imposes "an arguably more stringent standard than the standards for amending a pleading under Rule 15." *Bylin*, 568 F.3d at 1231; *accord Martinez*, 384 Fed. App'x at 847 n.5 (stating that Rule 15(a)(2) is "more lenient" than Rule 16(b)(4)). Thus, if a plaintiff must meet both rules, it is entirely conceivable that he could satisfy Rule 15(a)(2) but fail Rule 16(b)(4) and would therefore be precluded from amending his complaint. Conversely, if he must meet only Rule 15(a)(2), whether he can show "good cause" under Rule 16(b)(4) is irrelevant.

### *B. Discussion*

For the reasons stated below, I grant Plaintiff's motion and therefore deny Defendants' motion at moot. (I note parenthetically that I address only Plaintiff's attempt to add factual allegations to his existing claims against the City, as Defendants do not contest Plaintiff dismissing Unknown Pueblo Police Officers 1-2 as defendants or withdrawing his First Amendment claim.) I do not resolve the issue of whether Plaintiff must meet Rule 16(b)(4) in addition to Rule 15(a)(2). This is because I conclude that Plaintiff meets 15(a)(2), and, assuming, *arguendo*, that Rule 16(b)(4) applies, he satisfies it too. I address Rule 15(a)(2) first.

6

**1. Rule 15(a)(2)**

While Plaintiff's failure to meet Rule 15(a)(2) is Defendants' secondary argument, I address it first because Plaintiff must satisfy the rule to amend his complaint. *See Lockheed Martin Corp.*, 558 F.3d at 1166; *see also Martinez*, 384 Fed. App'x at 847 n.5. Defendants argue that under Rule 15(a)(2), Plaintiff's motion should be denied because it is untimely and would result in undue prejudice. I disagree.

To begin, consonant with Rule 15(a)(2)'s language and purpose, my predilection is to grant Plaintiff's motion. *See* Fed. R. Civ. P. 15(a)(2); *see also Minter*, 451 F.3d at 1204. That affords "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties"–the rule's purpose. *Minter*, 451 F.3d at 1204. Under Rule 15(a)(2) and *Frank*, the inquiry thus turns to whether there has been a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank*, 3 F.3d at 1365. Because Defendants' only Rule 15(a)(2) challenges to Plaintiff's motion are timeliness and undue prejudice, I confine my analysis to those two factors. In my wide discretion, *see Minter*, 451 F.3d at 1204, I find neither.

*i. Timeliness*

Defendants argue that Plaintiff's motion does not meet Rule 15(a)(2) because Plaintiff knew of the perceived deficiencies as early as December 23, 2010, when Plaintiff received Defendants' letter regarding the interrogatories. With regards to timeliness under Rule 15(a)(2), the Tenth Circuit has held that the "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Minter*, 451 F.3d at 1206 (quoting *Frank*, 3 F.3d 1365-66). Plaintiff's explanation for the delay is essentially two-fold:

He first argues that the delay stems from the fact that he "could not have known of the need to amend his complaint within the Scheduling Order's deadline because Defendants have only raised allegations of pleading deficiencies very late in the discovery period." I agree. Assuming that the December 23, 2010, letter did in fact put Plaintiff on notice regarding Defendants' perceived factual deficiencies, Defendants fail to establish the inferential step that such notice therefore required Plaintiff to amend his complaint. Put differently, the letter may have alerted Plaintiff to the notion that Defendants wanted more facts, but that does not mean that Plaintiff needed to amend his complaint. While Plaintiff certainly knew of the January 2, 2011, amendment deadline, it has not been demonstrated that Plaintiff knew an amendment to his complaint was needed prior to the amendment deadline. Defendants' letter asked for more information with respect to Plaintiff's answers to Interrogatory 8. Plaintiff only became aware of the compelling need to amend his complaint after Defendants filed their partial motion to dismiss on July 11, 2011. And Plaintiff filed his motion to amend a mere 24 days later.

Additionally, there is no suggestion that Plaintiff knew of the facts he seeks to add to his complaint at the time he filed his original complaint, nor does it seem he knew of these facts before the amendment deadline. Rather, Plaintiff's amendments derive from discovery–100 percent of which, temporally, was subsequent to filing the original complaint, and 80 percent of which was subsequent to the amendment deadline. It stands to reason, then, that Plaintiff could not have amended his complaint by the amendment deadline to include the information gleaned during discovery because presumably most of it, if not all of it, was gleaned afterwards. Indeed, it appears that Plaintiff obtained the information from which he derived his new allegations no earlier than June 2, 2011, as a result of Judge Mix's order compelling the City to produce documents related to

Plaintiff's municipal liability claims. The Tenth Circuit is more inclined to allow amendment in this situation. *Compare Minter*, 451 F.3d at 1207 (where the court granted plaintiff's motion to amend to assert an additional claim just three weeks before trial in part because the claim arose in "response to [] late discovery disclosures") *with McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (where the court denied leave to amend because the "plaintiff was aware of all the information on which his proposed amendment was based prior to filing the original complaint"). Consistent with the Tenth Circuit, I find these explanations adequate. Accordingly, I do not find Plaintiff's motion untimely.

### *ii. Undue Prejudice*

Defendants also argue that Plaintiff's motion should be denied under Rule 15(a)(2) because it would cause undue prejudice. They assert that "[t]here is certainly no time within the deadline to engage in written discovery" and that if the motion is granted "much of the work done pursuant to the Scheduling Order is subject to redo." I again disagree.

Undue prejudice is the "most important" factor in deciding a motion to amend the pleadings. *Minter*, 451 F.3d at 1208. Courts typically find prejudice only when the amendment unfairly affects non-movants "in terms of preparing their defense to the amendment." *Id.* (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971) (finding that there was no prejudice because the amendment was authorized several months prior to trial)); *see also Bylin*, *supra*. This occurs most often "when the amended claims arise out of subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 452 F.3d at 1208.

Under this construction, Plaintiff's amendments do not create undue prejudice. The amendments do not add claims; they augment existing claims against the City with more factual

9

allegations. This is permissible. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when the "[p]etitioner's amended claims track the factual situations set forth in his [original] claims"), *Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir.) (ruling that the district court's refusal to allow an amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"), *and see R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751-52 (10th Cir. 1975) (finding no prejudice when "[t]he amendments did not propose substantially different issues").

Additionally, there is still substantial time before a possible trial. Defendants will therefore have "adequate notice" of the factual allegations and "ample opportunity to respond," militating against finding prejudice. *See Bylin*, 568 F.3d at 1230. Similarly, although Defendants argue that there is "no time within the deadline to engage in written discovery," it is unclear whether Plaintiff's second amended complaint would even precipitate any written discovery. To the extent that it would, Defendants could motion the magistrate judge to modify the Scheduling Order.

Allowing the amendment will certainly result in some practical prejudice to Defendants. But "practical prejudice" does not suffice to deny a motion to amend. *See Patton*, 443 F.2d at 86. Nor does the fact that the non-moving party might have prevailed but for the amendment. *Id.* Instead, the inquiry is "whether the allowing of the amendment produced a grave injustice to the defendant." *Id.* For the reasons explained above, I find no such injustice here. I also recognize that Defendants expended time and resources on this case. "However, the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Bylin*, 568 F.3d at 1230-31. Accordingly, I do not find that granting Plaintiff's motion will cause undue prejudice.

### 2. Rule 16(b)(4)

I need not decide whether Plaintiff must satisfy Rule 16(b)(4)'s "good cause" standard in addition to Rule 15(a)(2) to amend his complaint. This is because assuming, *arguendo*, that Rule 16(b)(4) indeed applies, Plaintiff shows "good cause." I therefore leave the issue's resolution to the court of appeals.

Defendants' primary argument is that Plaintiff cannot show the requisite "good cause" under Rule 16(b)(4) because he was not sufficiently diligent in meeting the pleading amendment deadline. Put differently, Defendants argue that Plaintiff could have met the January 2, 2011, amendment deadline, and he therefore he cannot demonstrate "good cause." Defendants contend that Plaintiff was aware that they found his allegations regarding the City's liability deficient as early as December 23, 2010, when he received their reply to his interrogatory answers. Defendants rely heavily on *Colorado Visionary Academy v. Medtronic*, 194 F.R.D. 684, 687 (D.Colo. 2000), in support. The *Medtronic* court stated that Rule 16(b)(4)'s "good cause" "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.* (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997)). The *Medtronic* court elaborated that

> [p]roperly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, a court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Id.* (internal quotations omitted).

Plaintiff explains that he "could not have known of the need to amend his complaint within the Scheduling Order's deadline because Defendants have only raised allegations of pleading

11

deficiencies very late in the discovery period." In my wide discretion, *see Burks*, 81 F.3d at 978, I find that this explanation adequately shows "good cause" under Rule 16(b)(4), for two reasons.

First, I concluded in Part II.B.1.i, *supra*, that Plaintiff did not know he needed to amend his complaint before the amendment deadline. That analysis is currency here because in *Minter* the Tenth Circuit noted that there is a "rough similarity between the 'good cause' standard of Rule 16(b) and [the court's] 'undue delay' analysis under Rule 15" such that the analysis of the latter applies to the former. 451 F.3d at 1205 n.4. Hence, I incorporate my Rule 15(a)(2) timeliness analysis here. *See* Part II.B.1.i, *supra*. While Plaintiff certainly knew of the January 2, 2011, amendment deadline, I do not find a lack of diligence by Plaintiff to meet it because it has not been demonstrated that he knew an amendment was needed prior to the deadline. Defendants' letter asked for more information with respect to Plaintiff's answers to the interrogatories. Plaintiff only became aware of the compelling need to amend his complaint after Defendants filed their partial motion to dismiss on July 11, 2011. Plaintiff promptly filed his motion to amend a mere 24 days later.

Second, Plaintiff wishes to add information learned during discovery–eight months of which occurred after the pleading amendment deadline. As stated earlier, it appears that Plaintiff obtained this information no earlier than June 2, 2011, as a result of Judge Mix's order compelling the City to produce documents related to Plaintiff's municipal liability claims that it had previously refused to produce. This strongly suggests that Plaintiff satisfies the "good cause" standard Defendants offer: "that scheduling deadlines cannot be met despite a party's diligent efforts." *Medtronic*, 194 F.R.D. at 687. This is because Plaintiff could not have amended his complaint by the amendment deadline to reflect the information gleaned during discovery because presumably most of it, if not all of it, was obtained after June 2, 2011, after Judge Mix's order. Contrary to Defendants'

assertion, *Medtronic*, although not controlling, actually weighs in favor of granting leave here. The *Medtronic* court stated that one reason it denied the motion to amend was that "[t]here is no assertion that new facts were developed during discovery that resulted in the need to amend." 194 F.R.D. at 688.

Assuming, *arguendo*, that Plaintiff must satisfy Rule 16(b)(4) to amend his complaint, I conclude for the reasons explained above that Plaintiff has done so.

### III. Defendant's Motion

Defendants filed a motion to partially dismiss Plaintiff's first amended complaint pursuant to Rule 12(c). For reasons explained in Part II, *supra*, I grant Plaintiff's motion and accept the second amended complaint tendered therewith, thus rendering Defendants' motion moot. I accordingly deny Defendants' motion as moot.

### IV. Conclusion

For the reasons set forth above, IT IS ORDERED that

1) Plaintiff's Motion for Leave to File Second Amended Complaint **[Doc #61]** is GRANTED, and his second amended complaint tendered therewith is accepted; and

2) Defendants' Motion for Partial Judgement on the Pleadings **[Doc #54]** is DENIED as moot.

Date: September __14__, 2011 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE